MACK & DAVIS *vs.* ELLIS DOTY.

Mack.
*vs.*
Doty.

This court will not relieve against a judgment at law on the ground of its being contrary to e-
quity, unless the defendant was ignorant of the fact in question, pending the suit, or the de-
fence could not be received as a defence at law, or unless without any neglect or default on
the part of the defendant, he was prevented by fraud or accident, or the act of the opposite
party, from availing himself of his defence. This has been frequently so decided by this
court.

But where the defendants were prevented from making their defence at law by the acts of the
plaintiff until the only witness, by which the defence could be proved, was dead, and a resort
to this court, in consequence thereof, become indispensable; it was held that the complain-
ants were entitled to relief in this court, and that it was not necessary for them to take an ap-
peal, and then apply to this court for a discovery, in order to entitle them to that relief.

Where it appeared by the bill that the complainants became security for a third person to the
defendant on two promissory notes, and that the defendant extended the time of payment three
several times for ninety days each, without the knowledge or assent of the sureties, and the
maker of the notes at the time of the extension was able to pay, but at the time to which pay-
ment had been extended, he had become insolvent, and the defendant had commenced two
several suits before a justice of the peace to recover the amount of the notes against the sure-
ties, and they appeared and defended, and after the testimony was taken, the defendant who
was plaintiff in the justices court discontinued his suits, and after the decease of the only wit-
ness on the part of the defence, new suits were commenced, upon which judgments were re-
covered, the suits being undefended; upon demurrer, IT WAS HELD, that the case made by the
bill was such as entitled the complainants to relief in equity, and that it was competent for
this court to afford that relief in any stage of the proceedings as well after as before judg-
ments at law.

Demurrer to a bill for discovery and relief against judgments at
law. The opinion of the court contains a sufficient statement of the
case.

A. D. FRASER in support of the demurrer.

Bill seeks to enjoin two judgments recovered before a Justice of
the Peace by default.

The fact alledged, might constitute a good defence at law if plea-
ded. No reason is assigned for not making a defence at law, nor
does it appear why a discovery was not sought while the action was
pending at law, and before judgment rendered.

It is conceded that the court would coerce a discovery in aid of in-
ferior courts, and that the amount in controversy alone constitutes
the test of jurisdiction. At all events it was the duty of the complain-

ants to have appealed to the Circuit Court, and then come to this court <span style="float:right">First Circuit.</span>

for a discovery. 1 *Eq. Abr.* 131 ; *Jer. Eq. Jur.* 268,-9 ; 1 *Madd.* <span style="float:right">Mack.</span>
*Ch.* 195 ; 1 *Chit.Dig.* 591, &c. ; 1 *Paige* 287. <span style="float:right">*vs.*<br>Doty.</span>

This court will not afford relief against a judgment at law, on the ground of ignorance of facts, mismanagement of Attorney, not even when perjury has been committed. " There must be a clear case, of accident, surprise, or fraud before equity will interfere." 2 *Vern.* 696 ; 6 *J. C. R.* 87 ; 10 *Pet. R.* 505 ; *Fonb.* 26, 27, 656,-7 ; 2 *Paige* 321 ; 1 *J. Cas.* 492, 502 ; 3 *J. C. R.* 352 ; 1 *J. C. R.* 51, 395, 465, 320 ; 4 *Id.* 566, 510 ; 7 *Id.* 135, 337 ; 1 *Johns' Dig.* 1006.

The parties should have put themselves in a situation to try the case by filing a plea. 6 *J. C. R.* 480-1.

As to matter beneath the jurisdiction of the court. 4 *J. C. R.* 186.

Goodwin & Hand, contra.

If an obligee does an act to the injury of the surety, or varies the terms of his obligations, or enlarges the time of performance without his consent, the surety will be discharged. 1 *Law. Lib.* 68, 70, 73 75, 76, 77 ; 2 *Bro. C. C.* 579 ; 6 *Dow.* 540 ; 2 *Ves.*, 540, 10 *J. R.* 587 ; 3 *Kent* 111 : 12 *Wheat.* 554 ; *Chit. on Bills, (8th ed.)* 442, *and cases cited* ; 2 *Swanst.* 539 ; 2 *Hov. on Fraud* 71 *and cases cited* ; 4 *Barn. & Cres.* 506.

The rules as to the relief of a surety are the same in a Court of Equity as in a court of law, when the facts are the same. 2 *J. C. R.* 554 ; 17 *J. R.* 384.

When the sureties *on the face of the instrument appear as sureties* the defence may be set up at law ; when they do not so appear, it is doubtful as to whether the defence be available at law; in such case the jurisdiction of a Court of Equity is undoubted, and in the other case this court would seem to have a concurrent jurisdiction especially when a discovery is necessary. In this case the character of the complainants as securities does not appear on the notes. 1 *Law Lib.* 68 ; 4 *Barn. & Cres.* 506 ; 2 *Swanst.* 539.

In equity persons appearing to be principals are permitted to prove themselves sureties. 1 *Law Library* 69.

First Circuit

Mack.
*vs.*
Doty.

THE CHANCELLOR.—The bill alleges that the complainants became sureties for one McKinney, to Doty, upon two promissory notes, for fifty dollars each. Doty at three several times extended the payment for ninety days each, without the knowledge or assent of the complainants. That at the time said extension was granted, McKinney was able to pay, but after the time to which payment had been extended by Doty had elapsed, was insolvent. That at two several times Doty commenced suits upon said notes before Robert Abbott, Magistrate. That the complainants appeared and set up their defence to wit : that they were sureties, and the extension of the time of payment by Doty. That the only witness to support their defence, (the agreement to extend the time of payment) was one Sidney S. Hawkins, (since deceased,) who acted as the agent of McKinney, in that behalf and was on one occasion sworn, and gave his testimony ; and after the witness was examined, Doty discontinued his suit : That the parties appeared on both occasions and were ready to make their defence, &c., and the suits were discontinued. That after the decease of said Hawkins, the only witness, new suits were commenced, on which judgments were recovered, the said suits being undefended. To this bill there is a general demurrer. The ground of the defence is that this court will not relieve against a judgment at law on the ground of its being contrary to equity, unless the defendant in the judgment, was ignorant of the fact in question, pending the suit, or it could not be received as a defence at law, or unless without any neglect or default on his part, he was prevented by fraud, or accident, or the act of the opposite party, from availing himself of the defence. This is undoubtedly the true rule, it has been frequently so held by this court. See *Barrows* vs. *Doty*, *ante page* 1 ; *Wright* vs. *King*, *ante page* 12 *and note on pages* 17, 18.

It is insisted, however, that this case does not come within it.— That the defendants below have been prevented from making their defence by repeated discontinuances, when the parties appeared to make their defence, until the death of the only witness. That from the constitution of Justices' Courts, a continuance cannot be had for a sufficient time to obtain a discovery. That Courts of Chancery interfere with reluctance with inferior jurisdictions, and that this being

a case of original Chancery jurisdiction, this court should now enter-
tain this bill and grant relief.   In support of these grounds, the cases
of *Rathbone* vs. *Warren*, 10 *J. R.* 396 ; *Boyce's Executors* vs.
*Grundy* 3 *Pet. R.* 214 ; 2 *Swanst.* 539, are cited.   It is clear from
the case made by the bill, that the complainants were discharged from
their liability.   It is also undoubtedly true that Courts of Chancery
have always sustained their jurisdiction in this class of cases.   A
Court of Chancery was formerly the only tribunal which could
afford adequate relief.   But recently courts of law have also giv-
en effect to defences of this kind.   The Court of Chancery hav-
ing originally exclusive jurisdiction, still retains it.   But if the party·
has a good defence at law, and it is in his power to make it there, with-
out a resort to this court ; and he permits a judgment to pass against
him, a Court of Chancery would not relieve him.   It is apparent from
the case as made, that the defendants by the act of Doty, after having
two suits commenced, at two several times were deprived of making
their defence, by the discontinuances, until the death of their only wit-
ness.   That a resort to this court was indispensable, and that this
necessity has resulted from the act of Doty, the plaintiff below.   The
only doubt in the case is, were the parties bound to apply to this
court before judgment rendered in the court below.   It has been urged
that the defendants below could have taken appeals to the Circuit
Court, and could then have applied to this court for a discovery, and
would have been entitled to their remedy.   I have entertained much
doubt whether this case comes within the exceptions to the general
rule as stated in the case in 10 *J. R.* 590, *and* 3 *Pet. R.* 214.
Was it necessary ? was it incumbent upon the parties to adopt this
more expensive and circuitous proceeding to make their defence, af-
ter having on two several occasions appeared, in both suits, made their
defence, and produced their witness ?   I am inclined to think not.—
The necessity for a resort here at all, has been caused by this extra-
ordinary and unjust proceeding on the part of Doty, the defendant.
In the case in 3 *Pet.*, *R.* 214, where the court did relieve against a
judgment, the judge in delivering the opinion of the court, says: "It
is not enough that there is a remedy at law, it must be plain and ad-
equate; in other words as practical and as efficient to the ends of jus-
tice and its prompt administration, as the remedy in equity."   He

First Circuit

Mack.
vs.
Doty.

says, also :  " Although the defence might have been  made at  law, the complainant would still have been left to renew the contest  upon  a series of  suits ;  and  that  probably after the death  of witnesses. " The case in 10 *J. R.* was a  case  against bail ;  where  the time  had been extended.    There had been a judgment  in the Supreme  Court against the bail, but relief still was granted.    Here the complainants were prevented from making their defence  by the act of  the defendant.    This was a case in which it  would, have been  competent for  this court  to  afford  relief  in  any  stage  of  the  proceedings  and the resort here having been rendered indispensable by the act of Doty, it will  be unjust and  inequitable to permit him to take advantage of  his own wrong.

Demurrer overruled.